UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. JAMES LOWE II, individually, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-20-111-G ) |
| SPROUTS FARMERS MARKET AKA SUNFLOWER FARMERS MARKETS, LLC, a foreign company, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment filed by Defendant Sprouts Farmers Market aka Sunflower Farmers Markets, LLC (Doc. No. 20). Plaintiff, Dr. James Lowe II, has responded (Doc. No. 21), and Defendant has replied (Doc. No. 22).[1] Having reviewed the parties' submissions, the Court grants Defendant's Motion.

I. MATERIAL FACTS

On January 12, 2019, Plaintiff entered a Sprouts grocery store in Oklahoma City, Oklahoma. Plaintiff testified that he caught his right toe on a mat located in the front entrance of the store, which caused him to fall. *See* Pl.'s Dep. 90:4-18, Def.'s Mot. Ex. 1 (Doc. No. 20-1). Plaintiff's son, who had dropped his father off at the store, entered shortly after Plaintiff's fall and did not witness the incident. J. Lowe III Dep. 33:20-25, 38:17-18,

---

[1] On April 5, 2021, Plaintiff filed a surreply (Doc. No. 23), which Defendant has moved to strike for noncompliance with Local Civil Rule 7.1(i). This rule prescribes that "[s]upplemental briefs may be filed only upon motion and leave of court." *See* LCvR 7.1(i). Plaintiff failed to seek leave of Court prior to filing his surreply. Accordingly, Defendant's Motion to Strike (Doc. No. 24) is granted.

Def.'s Mot. Ex. 2 (Doc. No. 20-2). Plaintiff alleges that he sustained a broken femur and the loss of a hearing aid. *See* Pet. (Doc. No. 1-2) ¶¶ 7, 10, 21. Plaintiff seeks damages on a theory of negligence.[2]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Parties may establish the existence or nonexistence of a material disputed fact by:

- citing to "depositions, documents, electronically stored information, affidavits

---

[2] Although the pleading contains an isolated reference to "negligence per se," Plaintiff does not allege a specific statutory violation or otherwise plead a cause of action for negligence per se. The parties accordingly did not address negligence per se in their summary judgment briefing.

2

- or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or

- demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A), (B). While the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party, *see Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005), "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Liberty Lobby*, 477 U.S. at 252.

   III. DISCUSSION

To recover on a negligence claim under Oklahoma law, the plaintiff must establish "(1) [the] existence of a duty on the part of the defendant to protect plaintiff from injury; (2) defendant's breach of the duty; and (3) injury to plaintiff proximately resulting therefrom." *Scott v. Archon Grp., L.P.*, 191 P.3d 1207, 1211 (Okla. 2008). Regarding the first element, "[a] business owner owes a duty to exercise ordinary care to keep its premises in a reasonably safe condition for use of its invitees and a duty to warn invitees of dangerous conditions upon premises that are either known or should reasonably be known by the owner." *Phelps v. Hotel Mgmt., Inc.*, 925 P.2d 891, 893 (Okla. 1996). This duty "extends to hidden dangers, traps, snares, pitfalls and the like which are not known to the invitee." *Id.*

"To establish that a business owner breached its duty of care, an invitee must present evidence that the owner created the dangerous condition or that he/she failed to warn of or

remove a peril known to exist." *Ritch v. Carrabbas Italian Grill L.L.C.*, 719 F. App'x 838, 840 (10th Cir. 2018) (alteration and internal quotation marks omitted). "If there is no evidence that the business owner created the peril, the business owner's liability depends on proof that it had 'timely notice of danger' because 'an invitor cannot be held responsible unless it be shown that he/she had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence.'" *Id.* (alteration omitted) (quoting *Rogers v. Hennessee*, 602 P.2d 1033, 1035 (Okla. 1979)).

There is no dispute that Plaintiff was an invitee under Oklahoma premises liability law and that Defendant therefore owed Plaintiff a duty of care consistent with what is described above. Defendant challenges, however, whether Plaintiff can show that Defendant breached that duty—i.e., whether Plaintiff can prove that the mat on which Plaintiff tripped was a hazard created by or known to Defendant, or a hazard that Defendant should have known about, such that Defendant was obligated but failed to "effect its removal" or "give warning of its presence." *Id.* (internal quotation marks omitted); *see* Def.'s Mot. at 10 (arguing that Plaintiff cannot produce admissible evidence that the mat "was folded, bunched or otherwise was a hazard at the time of Plaintiff's incident"); *see id.* at 7-12.

While generally not a trip hazard by itself, a doormat may be flawed in its condition or arrangement in a way that causes the mat to constitute a trip hazard, with the result that the premises owner's failure to cure the flaw or remove the mat may be negligent. *See Attaway v. Albertsons Inc.*, 174 F. App'x 240, 242 (5th Cir. 2006) ("A mat by the doors of a retail establishment is not, in and of itself, an inherently dangerous situation." (applying

4

Louisiana law)); *cf. Gillham v. Lake Country Raceway*, 24 P.3d 858, 860 (Okla. 2001) ("It is axiomatic that the mere fact that an injury occurs carries with it no presumption of negligence."). Here, when asked at his deposition what was "wrong with . . . the mat inside the door," Plaintiff stated, "Just there was a mat." Pl.'s Dep. 44:3-5. Plaintiff testified that he did not see whether the mat was rolled or flat at the time of his fall but that he thought he saw a roll in the mat after his fall. *Id.* at 65:1-12; *see* Pl.'s Aff. ¶¶ 6, 10, Pl.'s Resp. Ex. 2 (Doc. No. 21-2). Plaintiff's son likewise testified that when he entered the store following his father's fall, the mat was "kicked up weird" and "had a little bend in it," but that he did not know whether the bend caused his father's fall or whether his father's fall caused the bend. J. Lowe III Dep. 57:16-25. Further, Plaintiff's son's testimony suggests that the rug had been adjusted by store employees by the time he viewed it. *See id.* at 55:13-15, 57:7-20.

This testimony is insufficient to create a genuine issue of fact as to the existence of a flaw or dangerous condition in the mat when Plaintiff fell. The suggestion that a bend was present before the fall because a bend may have been present afterward is "grounded on speculation," and "speculation does not suffice to create a *genuine* issue of material fact." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875-76 (10th Cir. 2004) ("To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."); *see also Rogers*, 602 P.2d at 1035-36 ("[F]or all that the evidence shows[,] the water may have spilled only moments before the Student stepped into it. In the face of no proof giving, directly or by inference, some indication as to the length of time the peril had been in existence when the Student received her injury

5

or that the Owner failed adequately to inspect the premises for dangers known to arise, there can be no liability here." (footnote omitted)); *cf. Prescott v. Cracker Barrel Old Country Store, Inc.*, 805 F. App'x 612, 616 (10th Cir. 2020) ("The requirement that the plaintiff provide proof of an act of negligence on the shopkeeper's part, is essential because Oklahoma courts have steadfastly refused to make the store an insurer of its customers." (alteration and internal quotation marks omitted)).

Plaintiff argues that the mat was hazardous even in the absence of a bend or fold. *See* Pl.'s Resp. at 12. He cites the affidavit of store patron Libe Gillespie,[3] who attests that the mat at issue is "frequently crooked, askew or bulging," and that at some unspecified time prior to Plaintiff's fall she had "discussed the floor mat with employees of Sprouts[] and expressed [her] concern." Gillespie Aff. ¶¶ 7, 9, Pl.'s Resp. Ex. 3 (Doc. No. 21-3). This statement, however, does not speak to the condition of the mat on the day of or at the time of Plaintiff's fall, and Ms. Gillespie's general expression of subjective concern has

---

[3] Plaintiff's Response states that he only recently identified Ms. Gillespie and requests that the Court "(a) defer consideration of the Defendant's Motion; (b) issue an order allowing time to obtain affidavits or declarations, and (c) to permit the parties discovery of Witness Gillespie testimony." Pl.'s Resp. at 9. Plaintiff did not file a motion seeking relief in compliance with Federal Rule of Civil Procedure 56(d), however, as required for the Court to consider such a request. *See* Fed. R. Civ. P. 56(d) (requiring that a deferral request be supported by an affidavit or a declaration that shows "for specified reasons" that the nonmovant "cannot present facts essential to justify its opposition" to summary judgment); *see also id.* R. 7(b)(1)(B); LCvR 7.1(c). Even assuming the request had been properly raised, deferral of the summary judgment motion is not warranted. Considering the Affidavit in the light most favorable to Plaintiff, and assuming further testimony consistent with the Affidavit, Ms. Gillespie's testimony does not reasonably indicate that she specifically noticed the mat in question prior to Plaintiff's fall. *See* Gillespie Aff. ¶¶ 3, 5, 12 (attesting that she was checking out at Sprouts when she "was distracted by" a man "stumbling forward," that she "witnessed him tripping and falling," and that her "focus was on this man who was in great pain lying face down on the hard floor").

insufficient probative value to create a genuine factual dispute as to the existence of a hazard or Defendant's notice thereof. *See Prescott*, 805 F. App'x at 616 (finding that "approximately one customer fall . . . per store every four years" was "not a high-enough frequency to support an inference that Cracker Barrel stores were unsafe or that Cracker Barrel was on notice of a hazard, particularly in the absence of any evidence of the specific circumstances of the falls"); *Rogers*, 602 P.2d at 1036 (upholding a demurrer to the plaintiff's evidence where there was "[n]o evidence tending to show that at the critical time and place the Owner had knowledge . . . of the offending defect or was negligent in failing to discover it").

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. No. 20) is GRANTED. A separate judgment shall be entered.

Defendant's Motion to Strike (Doc. No. 24) likewise is GRANTED.

IT IS SO ORDERED this 11th day of May, 2021.

_____
CHARLES B. GOODWIN
United States District Judge